## Case No. 2,802.

### In re CLARK.

[9 Blatchf. 379;[1] 6 N. B. R. 410.]

Circuit Court, D. Vermont. Jan., 1872.

BANKRUPTCY—REVIEW BY CIRCUIT COURT—PRACTICE — EVIDENCE — POWERS OF THE DISTRICT COURT.

1. The jurisdiction of the circuit court, to review summary proceedings in bankruptcy, is not limited by any measure of the value of the property involved.

2. A petition of review, in bankruptcy, merely reciting the proceedings in the district court, and its decree, and alleging that the petitioner is aggrieved thereby, and praying a review and a reversal, without pointing out any errors, or supposed errors, in law or in fact, or specifying any ground or reason for such reversal, except that the petitioner is aggrieved, commented on, as loose practice, not to be sanctioned.

3. Where property comes to the possession of an assignee in bankruptcy, as part of the estate of the bankrupt, and is taken from his possession under a writ of replevin, issued from a state court, in a proceeding to which the assignee is not a party, and in which the title of the assignee is not in question, the district court is bound to see that such possession by the assignee is not forcibly displaced.

4. A finding of fact, by the district court, on the examination of witnesses in the presence of the court. should not be reversed by the circuit court, without a very clear and decided conviction that it is erroneous.

5. The review given to the circuit court, by the 2d section of the bankruptcy act of March 2, 1867 (14 Stat. 518), is given to it as a court of equity; and it is not bound to reverse upon strictly legal grounds, if satisfied that the facts are correctly found, and that no injustice has been done.

6. Declarations of the bankrupt, held to have been properly admitted in evidence, on the trial of a suit between the assignee and a third person, as to the title to certain property, as declarations made by him while in conspiracy with

such third person to cover and conceal such property, and as part of the res gestae.

7. Where an assignee in bankruptcy proceeded, in the district court, by petition, to recover certain property, as assets of the bankrupt. and the respondent answered the petition, and did not object to the form or substance of the proceedings, or to the jurisdiction of the court, but submitted to its jurisdiction, and set up, by his answer, his own title to the property, and prayed that the court would adjudge as to the title, between him and the assignee, and it did so adjudge, the circuit court, on review, will not consider the question as to whether a more formal suit would or would not have been proper.

[Petition of review.]

Reuben C. Benton, for Blake.
Edward J. Phelps, for assignee.

WOODRUFF, Circuit Judge. Amos J. Samson, the assignee of Alanson M. Clark, in bankruptcy, applied, by petition, to the district court, to compel the return to him of certain property, which he alleged to be part of the personal estate of the bankrupt, of which he had taken possession, and which had been taken from his possession, and delivered by the sheriff to William H. Blake, by virtue of a writ of replevin, issued in the name of the said Blake, against one La Crosse. Blake appeared, and, without objection to the form of the proceeding, answered the petition, denying that the property was in the possession of the assignee, averring title to the property in himself, denying, also, that the property was ever the property of the bankrupt, and praying the court to adjust and settle the right to the said property, as between himself and the assignee, and to direct the assignee to interfere no further therewith.

A trial of the issues thus raised was had in the district court, on which it appeared, that the assignee of Clark, after his appointment, entered upon a farm, of which the title, at the time of the adjudication in bankruptcy, was in the bankrupt, and which was occupied by one La Crosse, under an agreement with the bankrupt for the purchase thereof, but for which the consideration was to be paid at a future day, upon notes which had been given therefor by La Crosse. The property in question was upon this farm. La Crosse made no claim to this personal property, yielded the possession thereof to the assignee, as the property of the bankrupt, and agreed to take care of the same for him. After this, the property was taken by Blake, through the writ of replevin out of the state court, to which La Crosse alone was made defendant. Evidence was given, tending to show that the personal property, prior to the proceedings in bankruptcy, belonged to the bankrupt, and remained on his farm. On the other hand, evidence on the part of Blake tended to show, that the property in question belonged to La Crosse, and that, prior to the proceedings in bankruptcy, an execution on a judgment against La Crosse was levied thereon, and the same was sold

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

by the sheriff, and purchased by the said Blake. Other evidence tended to show 'that the sale on the execution, and the purchase by Blake, were part of a fraudulent scheme by the bankrupt, when wholly insolvent, and on the eve of the proceedings against him in bankruptcy, by the aid of Blake, to cover and conceal his property, by the form of legal proceedings, wherein the property was levied upon and sold as the property of La Crosse, though, in truth, belonging to Clark himself; that Blake bid off the property by the procurement of Clark; that the purchase money was furnished or repaid by Clark to Blake, the design being to prevent the property from being thereafter taken by his creditors; and that the possession of the property was not changed, but the same remained on the farm of Clark. The district court found and adjudged, that the said Blake has not, and never had, any right, title, or interest in the property; and that the same was the property of the said bankrupt, until the filing of the petition against him in bankruptcy, and became vested in the assignee, and came lawfully into his possession; and the court thereupon ordered and decreed the restoration of the said property to the possession of the assignee, or in default thereof, payment by the said Blake of its value, $178, with costs. The said Blake has brought this petition of review, stating the proceedings above detailed, and that it was adjudged and decreed by the district court as also above recited, and then alleging, "that he is aggrieved by said adjudication and decree," wherefore he prays a review and reversal, and that this court will make such adjudication and decree as shall seem meet, &c., &c., without pointing out any errors, or supposed errors, in law or in fact, or specifying any ground or reason for a reversal of such decree, except the sweeping statement that he is aggrieved. The respondent, the assignee, moved to dismiss this petition, on the grounds, that the value of the property is not sufficient to give this court jurisdiction; and that the petition alleges no error in law, assigns no specific error in fact, and contains only an allegation that the petitioner is aggrieved. At the hearing, the court reserved the consideration of this motion, and directed the argument to proceed on the merits.

I find no warrant for limiting the jurisdiction of this court to review summary proceedings in bankruptcy by any measure of the value of the property involved; and no statutory provision, nor any decision of the courts, was referred to, prescribing or affirming any such limitation. If, therefore, the proceedings below ought to be regarded as summary proceedings, this court has jurisdiction to review them. If, on the other hand, though informal, they were, in substance, a suit, as upon bill and cross-bill, then no proper appeal was taken; upon which, however, it will not be necessary to rest any conclusion.

As to the other ground on which the motion to dismiss was urged, it is sufficient to say, that, although I shall dispose of this case when I hold that there is no sufficient ground for reversing the decree of the district court, I do not desire to sanction so loose a practice as this petition of review pursues. Nevertheless, as the defect might be cured by amendment, and as no prejudice can come to the assignee or to the estate, under the conclusion which has been reached on the other branch of the case, it is better for all interested as creditors or otherwise, that no further delay should happen, through mere defect in the formal proceedings.

The proofs, I think, warranted the conclusion of the court below, that the property in question came to the possession of the assignee as part of the estate of the bankrupt, and was in his possession when Blake took it by his writ of replevin. The district court would have failed in its duty, had it suffered that possession to be forcibly displaced by a third person, although using the form of process of the state court, to which the assignee was not a party, and in which the title of the assignee was not in question, but the property was to be subjected to such fate as a contest between two strangers to the proceedings in bankruptcy might involve. The district court was open to the application of such third party, if he desired to assert title and claim a delivery of the property by the assignee to him; or, a suit at law or in equity, as the case might require, could have been brought against the assignee, by such third party, in that or in this court.

As to the title to the property itself, that depended upon questions of fact, in respect to which there is no such preponderance of evidence against the conclusion of the district court, as calls for a reversal. On the contrary, my own conviction concurs with that of the district judge. If it were otherwise, a finding of fact, upon an examination of witnesses in the presence of the court, where the opportunity for judging correctly of the credibility of the witnesses and weight of the testimony is better than can ordinarily be afforded by an inspection of the testimony when reduced to writing, should not be reversed without a very clear and decided conviction that it is erroneous.

It was strenuously insisted, that error was committed in the admissions of declarations of the bankrupt in evidence. On this point, these observations are pertinent: (1.) This review is given to the court as a court of equity; and there, on an enquiry into questions of fact, the court, on appeal, are not bound to reverse upon strictly legal grounds, if satisfied that the facts are correctly found, and that no injustice has been done. (2.) The declarations in question were in aid, and in partial execution of, or, at least, while Clark was engaged in, the alleged scheme to cover and conceal his property, to which Blake was a party. They were, therefore, admissible, as a declaration of a co-con-

spirator in the attempt to defraud. (3.) For the reason last stated, they were properly regarded as a part of the res gestae, when title in La Crosse was set up by Blake, and the fraudulent sale and pretended purchase by Blake were relied on.

It was not objected, on the argument of this review, that the proceedings on the petition of the assignee were not regular and proper, or that the order or decree sought to be reviewed was not within the summary jurisdiction of the district court. Blake, the petitioner in review, appeared in the district court and answered the petition. He not only raised no objection to the form or substance of the proceeding, or the jurisdiction of the court therein, but, submitting to the jurisdiction, he invoked its exercise in his own behalf, by filing an answer, in the nature of a cross bill in equity, alleging his own title, and praying the court to adjust and settle the right to the said property, as between him and the assignee, to give to him the control thereof, and to restrain the assignee from interference therewith. Upon the issues of fact, the parties went to trial, and with the result above stated. This court is, therefore, not called upon to consider whether the determination of the question of title to this property should have been sought by a summary proceeding in the district court, or by a proceeding formally commenced by process. Jurisdiction of the subject-matter and question existed in the court, and both parties submitted themselves to its exercise, and, indeed, invoked it in the form and manner stated. Nor does the petitioner in review raise any objection, in this court, that there is any defect or error in the decree or order, founded on the mode of procedure in the district court. Besides, the court having found, as matter of fact, that the property was in the possession of the assignee, the court had power to protect that possession against interference except by resort to a proper legal proceeding to which the assignee should be a party; and, therefore, when Blake, the claimant, by his cross petition, invoked the controlling power of the court over the assignee, as its officer, and submitted to a trial of the questions which he asked the court to determine, no question arises here whether a more formal suit would or would not have been proper.

The judgment or decree must be affirmed, with costs.